UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE GALLOWAY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2029 |
| | § | |
| NABORS OFFSHORE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is plaintiff's motion to remand. Dkt. 11. After considering the motion, response, and applicable law, plaintiff's motion is denied.

### I. BACKGROUND

Plaintiff Willie Galloway is a former employee of Defendant Nabors Offshore Corporation, where he worked in various capacities, including as a roustabout on two oil rigs. Dkt. 1-2. On May 27, 2014, during plaintiff's regular course of work on the rig, he allegedly injured his back, neck, and other parts of his body. Dkt. 1-2 at 1. Plaintiff alleges that the injuries were caused by the defendant's "negligence in failing to maintain a safe work place," and that the injuries were "legally caused by the unseaworthiness of the vessel involved, as the lack of proper equipment and training and unsafe work practices led to the existence of unseaworthy conditions." *Id.* at 2. Plaintiff filed suit against defendant in state court in June 2014 under the Jones Act, 28 U.S.C. § 688. *Id.* at 1. Defendant removed the case to this court in July 2014, alleging that the plaintiff fraudulently pled that he was a Jones Act seaman to prevent removal to federal court. Dkt. 1 at 1. Plaintiff subsequently filed the pending motion to remand, on the basis that he is a Jones Act seaman entitled

to bring suit in state court, and therefore removal of the case is prohibited. Dkt. 11. Defendant responded, and the motion is ripe for decision.

## II. LAW

Under the Jones Act, "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. Generally, Jones Act cases are not removable, but "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999). "The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits. *Id.* at 345–46. The burden of persuasion on the removing party is a heavy one. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995).

According to the plain language of the statute, "[t]o maintain a cause of action under the Jones Act, the plaintiff must be a seaman." *Hufnagel*, 182 F.3d at 346. However, the statute does not define seaman. *Billings v. Chevron, U.S.A., Inc.*, 618 F.2d 1108, 1109 (5th Cir. 1980). In 1995, the Supreme Court synthesized years of its own interpretations and differences among circuit interpretations, into a two part test to establish Jones Act seaman status. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S. Ct. 2172 (1995). "First . . . an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Id.* at 368 (internal citations omitted). This is because the Jones Act only applies to "those maritime employees who do the ship's work." *Id.* The requirement is broad. *Id.* "All who work at sea in the service of a ship are *eligible* for seaman status." *Id.* (internal citations omitted). "Second . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of

2

*both* its duration and its nature." *Id.* (emphasis added). This requirement distinguishes between those entitled to protection and those "who have only a transitory or sporadic connection to a vessel in navigation . . . ." *Id.* As a general rule, "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id.* at 371. However, each "duration" inquiry is fact specific, and attaining seaman status also "depend[s] on the nature of the vessel and the employee's precise relationship to it." *Id.* Additionally, courts do not just look at a snapshot of where and how the injury happened, but the "employee's entire employment-related connection to a vessel." *Hufnagel*, 182 F.3d at 346. But, the inquiry is still "status-based," in that even if a person's normal assignment is on land, if he has a brief assignment as a crew member on a boat, his status may change to that of a seaman. *Chandris*, 515 U.S. at 372.

In terms of who makes the determination, "[t]he question of who is a member of a crew, and therefore who is a seaman, is a mixed question of law and fact." *Id.* at 369. Defining a statutory term such as seaman is a question of law, and therefore in the province of the court. *Id.* However, "if reasonable persons, applying the proper legal standard, could differ as to whether the employee was a member of a crew, it is a question for the jury." *Id.* (internal citation omitted).

Even if a defendant persuades the court that the plaintiff is not a Jones Act seaman, and therefore remand is not required, the defendant still bears the burden of establishing the jurisdiction of the federal court. *Case v. Omega Natchiq, Inc.*, No. H-08-0835, 2008 WL 2714124, at *2 (S.D. Tex. July 10, 2008) (Rosenthal, J.). The Outer Continental Shelf Lands Act ("OCSLA") is the federal statute under which the defendant seeks to establish federal jurisdiction. Dkt. 1 at 3. "[I]n determining whether a claim arises under the OCSLA, the court looks to whether the plaintiff's employment furthered mineral development on the Outer Continental Shelf and whether the

3

plaintiff's injury would not have occurred but for his employment." *Case*, No. H-08-0835, at *2 (citing *Tenn. Gas Pipeline v. Hous. Cas. In`s. Co.*, 87 F.3d 150, 155 (5th Cir.1996).

### III. ANALYSIS

The first question is whether plaintiff's duties contribute to the function of the vessels or the accomplishment of their mission, a broadly applied element that applies to those who do a ship's work or are in service of a ship. *Chandris*, 515 U.S. at 368. Plaintiff's affidavit states that at the time of the injury he was employed as a roustabout on an oil rig. Dkt. 11 at 1. Defendants explain that the rig was located on a fixed platform that was attached to the seabed.[1] As part of plaintiff's job on the oil rig on which he was injured, plaintiff's affidavit states that he would board two support vessels that "supported the rig operations." Dkt. 11 at 1. While on one vessel, he "assisted with crane operations and *other rig support duties*," *Id.* (emphasis added). On the other, he "assisted with storage, construction activities, and *other rig support activities*." *Id.* (emphasis added). It is clear that plaintiff's job was to provide support for the rig's operation, not either vessel's operation. Regardless of whether the vessels' mission was to support the rig, plaintiff's job was not to keep the vessel in operation to accomplish its mission. Rather, plaintiff's own affidavit shows that every activity that he did on both vessels was to support the rig and the rig's operation. This conclusion is supported by the fact that plaintiff's job assignment was to the rig, not to either vessel; plaintiff's injury occurred on the rig, not on either vessel; and plaintiff was not a crew member of either vessel.

---

[1] Plaintiff's original petition in state court alleges that he was working on a vessel when he was hurt. Dkt. 1-2 at 2. After defendant removed the case and alleged that plaintiff fraudulently pled a Jones Act case, plaintiff's motion to remand instead alleged that plaintiff was injured while working on an offshore oil rig, and that the only vessels he boarded as part of the job were those to support the rig. Dkt. 11 at 1. Defendant has made the uncontroverted assertion that the rig on which plaintiff was injured was a drilling rig located on a fixed platform and attached to the seabed. Dkt. 1 at 2. For the purposes of this motion to remand, the court is persuaded that the rig was located on a fixed platform that was attached to the seabed.

Defendant's evidence of the job description for a roustabout is also persuasive: The job of a roustabout is

> [t]o safely and efficiently perform the general manual labor tasks throughout the rig under the supervision of the Crane Operator. This includes the offloading and backloading of supply vessels, the maintenance clean up, chipping and painting of the rig (excluding the rig floor), the movement and relocation of supplies and equipment on the rig, simple maintenance and repairs to the plumbing and sewer systems as well as providing relief workers for the drilling crew.

Dkt. 12-4 at 1. A roustabout's job is in support of the mission of the rig, not the supply vessels that roustabouts board in service of the rig. Plaintiff serves the rig, not the vessels. The court is persuaded that the first element is not met.

Even assuming that the first element was met, defendant has met its burden to show that the second element to establish Jones Act seaman status has not been met. The question under the second element is whether the seaman has a connection to a vessel or group of vessels that is substantial in duration *and* its nature. *Chandris*, 515 U.S. at 368. A duration of 30% of a person's time "in the service of a vessel in navigation" is the rule of thumb. *Id.* At the time plaintiff was injured, he claims he spent "approximately 30%-35% of [his] time aboard the [vessels]," and on these vessels he worked in support of the rig. Dkt. 11-1 at 1. However, regardless of whether plaintiff actually spent 30% of his time on the vessels, the nature of his connection to the vessels must be substantial in nature, which "will depend on the nature of the vessel and the employee's precise relation to it." *Chandris*, 515 U.S. at 371. To this point, as plaintiff's affidavit makes clear, he was only on the vessels to service the rig. Therefore, the nature of plaintiff's precise relationship to the vessels is not substantial. Finally, the court recognizes that disputed questions of fact and ambiguities in substantive law should be weighed in favor of the plaintiff. However, the court's conclusion is based on plaintiff's own affidavit. When the affidavit is applied to current law, it

shows that plaintiff is not a Jones Act seaman, and therefore the case can be removed to federal court.

The defendant argues in its notice of removal that this court has federal jurisdiction over this case under OCSLA. Dkt .1 at 3–4. Defendant argues that plaintiff's case is in connection with his work on an oil rig, which is located in the Outer Continental Shelf and involves the extraction of mineral resources from beneath the seabed. Dkt. 1 at 3–4. Defendant explains that this rig is specifically located in the Outer Continental Shelf West Delta 73 block in the Gulf of Mexico. *Id.* The court takes judicial notice that the Bureau of Ocean and Energy Management, which handles oil and gas leasing for the Outer Continental Shelf, lists the West Delta block as a region in the Outer Continental Shelf. Fed. R. Evid. 201; *see* Bureau of Ocean Energy Management, www.boem.gov/Gulf-of-Mexico-Region-Lease-Map/ (last visited Jan. 20, 2015). Plaintiff's complaint and motion to remand demonstrate that his injuries occurred on the rig while he was performing his regular work duties. Dkt. 11 at 1. The court is persuaded that OCSLA applies, and plaintiff's injuries on the rig would not have occurred but for his job with the defendant. Therefore, the court maintains jurisdiction over this case under OCSLA.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion to remand is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on January 21, 2015.

_____
Gray H. Miller
United States District Judge